IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02633-BNB

MR. FRED F. FRANZONE,

Applicant,

v.

GOVERNOR BILL OWENS, et al., and
JOHN SUTHERS, the Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 3 2006

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant Fred F. Franzone is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Franzone has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Franzone is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Franzone will be ordered to file an amended application.

Mr. Franzone alleges that he was convicted in 1998 in the Garfield County, Colorado, District Court and that he was sentenced to four years in prison. He further alleges that, after he began to serve his prison sentence, he learned that his sentence also included a period of mandatory parole. Mr. Franzone asserts that he was released from prison to begin serving his mandatory parole in 2001 and that he later was

returned to prison for violating the terms of his mandatory parole. It appears that Mr. Franzone remains incarcerated for violating the conditions of his mandatory parole.

Mr. Franzone apparently is challenging the mandatory parole portion of his sentence. However, the specific federal constitutional claims Mr. Franzone is asserting that challenge the validity of the mandatory parole portion of his sentence are not clear. In addition, Mr. Franzone may be asserting other claims because he argues in the application that he cannot be made to serve the mandatory parole portion of his sentence in prison and he refers to a July 2005 parole hearing. It is not clear how Mr. Franzone's parole violation or the July 2005 parole hearing relate to his claim or claims challenging the validity of the mandatory parole portion of his sentence.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Franzone go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Franzone will be ordered to file an amended application in which he clarifies the precise claims he is asserting and the specific facts that support each asserted claim.

In addition, Mr. Franzone must demonstrate in the amended application that he has exhausted state remedies. **See** 28 U.S.C. § 2254(b)(1). An application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v.**

***Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Franzone alleges that he has exhausted state remedies because he has presented his claims to the Colorado Supreme Court in two original proceedings. However, it appears that the original proceedings doe not satisfy the exhaustion requirement because the Colorado Supreme Court did not address the merits of the claims asserted. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." ***Castille***, 489 U.S. at 351; ***see also Parkhurst v. Shillinger***, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. ***See Rogers v. Best***, 171 P.2d 769, 770 (Colo. 1946). Therefore, Mr. Franzone will be

ordered to show cause why the application should not be denied for failure to exhaust state remedies. Accordingly, it is

ORDERED that Mr. Franzone file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Franzone, together with a copy of this order, one copy of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Franzone fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 11th day of January, 2006.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02633-BNB

Mr. Fred F. Franzone
Reg. No. 96944
Sterling Correctional Facility
PO Box 6000 – Unit 3
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 1/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk